# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 8:20-cr-325-KKM-AAS

RAPHAEL SIMEAN BENNETT JR.
_____/

## ORDER

Raphael Bennett, who the Court sentenced to 132 months' imprisonment in June 2021, moves for temporary release so that he can attend his son's funeral scheduled for July 24, 2021. (Doc. 139). In a "Motion to Supplement" the motion for release, Bennett also advises that he is no longer in federal custody and has returned to the Florida Department of Corrections. (Doc. 140). In its opposition to Bennett's motion, the government confirms that Bennett is no longer in federal custody. (Doc. 142).

The Court sympathizes with Bennett's tragic loss of his infant child. By every measure, the situation is truly awful. But the Court lacks authority to grant his release as he is no longer in federal custody. And even if he remained in federal custody, the Court doubts that 18 U.S.C. § 3141(b) governs the circumstances here because the Court already sentenced Bennett, remanded him upon sentencing, and never authorized his release pending appeal (which Bennett did not seek and the time period has now lapsed to do so). That statutory provision contemplates a criminal defendant awaiting "imposition or execution" of sentencing or awaiting an appeal of such a sentence. *Id.*

None of those situations seem to apply here. Bennet is not awaiting an imposition of sentence nor an appeal of a sentence. And, although the full execution of his sentence with the Bureau of Prisons is not yet satisfied, he should receive credit on his federal sentence for time served while in the custody of the U.S. Marshal's Service. In that sense, the execution of Bennett's federal sentence is no longer "pending" albeit not yet complete.

Alternatively, if 18 U.S.C. § 3143(a)(1) applies—which is also unclear given the unusual posture of Bennett being remanded upon federal sentencing but being transferred back to state custody for that sovereign's sentence to be completed before the federal sentence is completed—the Court finds that Bennet failed to satisfy his burden of clear and convincing evidence that he is not likely to flee given his lengthy federal sentence and even longer criminal history.

Therefore, Bennett's motion for temporary release (Doc. 139) is **DENIED**. His "Motion to Supplement" (Doc. 140) is **GRANTED** to the extent it provides clarification to his original motion.

**ORDERED** in Tampa, Florida, on July 21, 2021.

Kathryn Kimball Mizelle
United States District Judge